UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Maria I. Gatlin, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| Village of Summit, Summit Police Department, ) | |
| Les Peterson, ) | |
| ) | |
| Defendants. ) | Jury Trial Demanded |

## COMPLAINT

NOW COMES the Plaintiff, Maria I. Gatlin, through her attorneys, O'Connor | O'Connor, P.C. by Kevin F. O'Connor, and, as for a Complaint against the Defendants, Village of Summit, Summit Police Department, and Les Peterson, alleges and shows to the Court, as follows:

## NATURE OF ACTION

1. Plaintiff Maria I. Gatlin ("Gatlin") brings this action to redress the unlawful discrimination and retaliation by her former employers, Village of Summit ("Summit"), Summit Police Department ("Summit PD"), and Summit Police Chief Les Peterson ("Peterson") based on her disability and her association with an African-American employee of the Defendants; culminating in the termination of her employment on July 2, 2013. The unlawful discrimination of Defendant is in violation of the Americans with Disability Act, as amended (the "ADA"); Section 1981 of the Civil Rights Act of 1866 ("Section 1981"); and the Illinois Human Rights Act (the "IHRA").

2. Specifically, Plaintiff seeks awards of back pay and benefits, future losses of wages and benefits, compensatory damages, punitive damages, attorney's fees, costs, other monetary damages, other equitable and injunctive relief including but not limited to reinstatement to employment with full seniority, and all other relief available under the ADA, Section 1981, and the IHRA.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331.

4. This Court has supplemental jurisdiction over Plaintiff's state claim pursuant to 28 U.S.C. § 1367.

5. Venue is proper under 28 U.S.C. 1391(b) because the events giving rise to the claims alleged herein occurred within the Northern District of Illinois.

6. Plaintiff has exhausted her administrative remedies and complied with the statutory prerequisites of the ADA by filing charges with the Equal Employment Opportunity Commission ("EEOC") alleging disability discrimination. The U.S. Department of Justice issued a "Notice of Right to Sue" to Plaintiff in February 2014.

## FACTUAL ALLEGATIONS

7. Plaintiff is a forty-seven year old white female.

8. Defendant Village of Summit is a municipal corporation organized under the laws of the State of Illinois.

9. Defendant Summit Police Department is a body politic and corporate by virtue of local law.

10. Defendant Peterson is the Chief of Police of the Summit Police Department.

11. Plaintiff was employed as a police officer by Defendants from approximately June, 1997 until approximately July 2, 2013 when she was summarily terminated by the Defendants while on leave due to her disability.

12. During her employment, Plaintiff performed her job duties satisfactorily.

13. In or around 1999, Plaintiff was diagnosed with Fibromyalgia.

14. In or around February 2011, Plaintiff was diagnosed with Rheumatoid Arthritis.

15. In or around June 2012, Plaintiff was diagnosed with Degenerative Disc Disease with Discogenic pain, L4-L5, L5-S1.

16. In late 2012, Plaintiff's doctor decided that she needed surgery because of her Degenerative Disc Disease, and the doctor put her on restricted duty prior to the scheduled surgery.

17. Plaintiff requested an accommodation from the employer, and specifically from Defendant Peterson and Chet Strzelczyk ("Strzelczyk"), who is an administrator for the Village of Summit, which was declined. However, Strzelczyk assured Plaintiff that he would accommodate Plaintiff with light duty after surgery.

18. In or around December 2012, Plaintiff took her leave due to her disability and the scheduled surgery.

19. While on leave, Plaintiff communicated with Defendants and updated them with her medical condition and disability.

20. In or around May 2013, Plaintiff was released by her doctor to return to work with some restrictions.

21. Plaintiff then contacted the Defendants and informed them she would be able to return to work with certain restrictions and requested that Defendant engage in communications with her to determine what kind of work would be suited for her.

22. Specifically, Plaintiff requested an accommodation from Defendant Peterson and Village Administrator Strzelczyk, and both refused to provide accommodations.

23. Defendants, instead of engaging in the interactive process with Plaintiff, sent a letter to Plaintiff (which she received on June 13, 2013) through Defendant Les Peterson, ordering her to report to work on June 17, 2013. The letter also stated that Plaintiff would be terminated for job abandonment if she would not be able to report to work on that date with a "full release to duty" letter from her doctor. Defendants also stated in the letter that there is no light duty available for Plaintiff.

24. After receiving the letter, Plaintiff retained an attorney and through the attorney sent a letter to Defendants informing them of their duties under the ADA, and requested that they communicate with her to identify a reasonable accommodation for Plaintiff.

25. On or about June 17, 2013, on the date that she was instructed to report to work by Defendants, she went to the police station with her union representative and requested a meeting with Defendant Peterson. Defendant Peterson refused to meet with Plaintiff and left the building.

26. Later, Plaintiff's union representative found Defendant Peterson and gave him a letter written by Plaintiff explaining that she had been released to light duty only. In this letter, she reiterated her desire to go back to work and stated that her previous requests for accommodations had been denied repeatedly.

27. On or about July 2, 2013, Defendants sent a letter through Defendant Peterson to Plaintiff and notified her that she had been terminated because Plaintiff had "abandoned" her position as a police officer.

28. At all relevant times Plaintiff was qualified, competent, and capable of performing all of the essential functions of her job with or without a reasonable accommodation. She was meeting Defendant's legitimate performance expectations.

29. Plaintiff was married to an African-American police officer, Bruce Gatlin, who was and continues to be an officer with the Summit Police Department. Plaintiff and Bruce Gatlin were divorced in June 2009, but later entered into a Civil Union, which continues to this day.

30. Defendant Peterson has a pattern of treating non-white employees differently and discriminating against them by, *inter alia*, giving more options to white employees when it comes to shift choice, and disciplining minority employees selectively and applying different, stricter standards to minority employees.

31. Defendant Peterson often times treated Plaintiff differently and unfavorably because of her relationship with her African-American husband. For example, requests made by Plaintiff and her husband to change shifts were declined by Defendant Peterson while Peterson was more flexible with such requests made by other similarly situated white employees.

32. None of the similarly situated white employees who do not have any personal relationship or association with a minority were treated like Plaintiff.

**COUNT I**
**Discrimination and Retaliation Under the Americans with Disabilities Act**
**Against Defendants Village of Summit and the Summit Police Department**

33. Paragraphs 1 through 32 are hereby restated and realleged as if fully set forth in Count I.

34. Plaintiff is disabled within the meaning of the Americans with Disability Act ("ADA") because she suffers from fibromyalgia, rheumatoid arthritis, and a degenerative disc disease, which substantially limits one or more major life activities.

35. At all relevant times, Plaintiff was and is capable of performing all of the essential functions of her job position with or without a reasonable accommodation.

36. Defendants were aware of Plaintiff's disability because Plaintiff had to be on FMLA leave and had to use her sick days several times after her symptoms became worse and had to go through a surgery. Plaintiff communicated her disabilities and medical conditions to Defendants in order to have her leave approved, and she updated them as to her medical condition while on leave.

37. While Plaintiff was on leave, she requested a reasonable accommodation from Defendants in or around May 2013 after she was released to return to work with restrictions by her doctor.

38. Instead of communicating with Plaintiff regarding potential accommodations or providing reasonable accommodations, Defendants insisted Plaintiff report to work for full duty on June 17, 2013, and threatened termination of Plaintiff if she did not.

39. After Defendants' initial refusal to engage in the interactive process and provide reasonable accommodations, Plaintiff herself and her attorney repeatedly requested accommodations.

40. Defendants continued to refuse to meet with her or discuss any potential accommodation available. Instead, they summarily informed Plaintiff that there was no light duty available.

41. On or about July 2, 2013, Defendants sent a letter to Plaintiff and terminated her "based on your [Plaintiff's] inability to perform all of the functions required of a full time police officer, and your failure/ inability to report to work…" even though they knew that Plaintiff was released to return to work with restrictions.

42. Plaintiff made her disability known to Defendants and requested an accommodation more than once, which was supported by a professional medical opinion. Defendants refused to meaningfully engage in the interactive process to discuss accommodations with Plaintiff, nor did Defendant actually provide any reasonable accommodation to Plaintiff.

43. Upon information and belief, there were plenty of light duty positions and light duty work available for Plaintiff to perform at Summit PD.

44. After Plaintiff's repeated requests for accommodations, Defendants threatened to terminate Plaintiff, and ultimately did terminate her.

45. Defendants terminated Plaintiff because of her disability and her participation in protected activity under the ADA – requests for reasonable accommodation.

46. By conduct including, but not limited to that described above, Defendants failed to accommodate Plaintiff, and discriminated and retaliated against her in violation of her rights under the ADA.

47. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff suffered and continues to suffer substantial losses in wages and benefits, other past and future pecuniary losses, great emotional distress, mental anguish, humiliation, and embarrassment.

**WHEREFORE**, Plaintiff Maria I. Gatlin, seeks the following relief:

    a. Declaration that Defendants have violated Plaintiff's rights under the ADA, as amended;

    b. An award of all salary, wages, and benefits including, but not limited to: back pay, front pay, past and future pecuniary losses, and prejudgment interest;

    c. An award of compensatory damages in an amount to be determined at trial;

    d. An award of the costs of this action and reasonable attorney's fees; and

    e. Such other and further relief as this Court may deem just and equitable.

## Count II:
### Discrimination and Retaliation under the Illinois Human Rights Act
### Against Defendants Village of Summit and the Summit Police Department

48. Paragraphs 1 through 32, and 35 through 44 are hereby restated and realleged as if fully set forth in Count II.

49. Plaintiff is handicapped within the meaning of the IHRA.

50. After Plaintiff's repeated requests for an accommodation, Defendants threatened to terminate Plaintiff and ultimately terminated her.

51. Defendants terminated Plaintiff because of her disability and her participation in protected activity under the IHRA – requesting a reasonable accommodation.

52. By conduct including, but not limited to that described above, Defendants failed to accommodate Plaintiff, and discriminated and retaliated against her in violation of her rights under the IHRA.

53. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff suffered and continues to suffer substantial losses in wages and benefits, other past and future pecuniary losses, great emotional distress, mental anguish, humiliation, and embarrassment.

**WHEREFORE**, Plaintiff Maria I. Gatlin, seeks the following relief:

    f. Declaration that Defendants have violated Plaintiff's rights under the IHRA, as amended;

g. An award of all salary, wages, and benefits including, but not limited to: back pay, front pay, past and future pecuniary losses, and prejudgment interest;

h. An award of compensatory damages in an amount to be determined at trial;

i. An award of the costs of this action and reasonable attorney's fees; and

j. Such other and further relief as this Court may deem just and equitable.

## COUNT III
### Race Discrimination under Section 1981 of the Civil Rights Act of 1866
### Against the Village of Summit, the Summit Police Department, and Les Peterson

54. Paragraphs 1 through 32 are hereby restated and realleged as if fully set forth in Count III.

55. Plaintiff was married to an African-American police officer, Bruce Gatlin, who was and continues to be an officer with the Summit Police Department. Plaintiff and Bruce Gatlin were divorced in June of 2009, but later entered into a Civil Union, which continues to this day.

56. Defendant Peterson has a pattern of treating non-white employees differently and discriminating against them by, *inter alia*, giving more options to white employees when it comes to shift choice, and disciplining minority employees selectively and applying different, stricter standards to minority employees.

57. Defendant Peterson often times treated Plaintiff differently and unfavorably because of her relationship with her African-American husband. For example, requests made by Plaintiff and her husband to change shifts were declined by Defendant Peterson while Peterson was more flexible with such requests made by other similarly situated white employees.

58. None of the similarly situated white employees who do not have any personal relationship or association with a minority were treated like Plaintiff.

59. By conduct including, but not limited to that described above, Defendant Peterson intentionally discriminated against Plaintiff because of her association and relationship to her African-American ex-husband/current civil union partner in the enjoyment of the benefits, privileges, and terms and conditions of her employment in violation of Section 1981.

60. Defendant Village of Summit was fully aware of the nature and scope of racial discrimination and harassment against Plaintiff, but took no action to remedy the discrimination and harassment.

61. Defendants discriminated against Plaintiff based upon the race of her ex-husband/current civil union partner in violation of Section 1981.

62. By conduct including, but not limited to that described above, Defendants acted with malice or reckless disregard for Plaintiff's federally protected rights under Section 1981.

63. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff suffered and continues to suffer substantial losses in wages and benefits, other past and future pecuniary losses, great emotional distress, mental anguish, humiliation, and embarrassment.

**WHEREFORE**, Plaintiff Maria I. Gatlin, seeks the following relief:

a. Declaration that Defendants have violated Plaintiff's rights under 42 U.S.C. § 1981;

b. An award of all salary, wages, and benefits including, but not limited to: back pay, front pay, past and future pecuniary losses, and prejudgment interest;

c. An award of compensatory damages in an amount to be determined at trial;

d. Judgment for punitive damages in an amount to be determined at trial;

e. An award of the costs of this action and reasonable attorney's fees; and

  f. Such other and further relief as this Court may deem just and equitable.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

                   Respectfully submitted by:

                   Maria I. Gatlin

                By: /s/ Kevin F. O'Connor
                    One of Her Attorneys

Kevin F. O'Connor
O'Connor | O'Connor, P.C.
ARDC / Bar #: 6300449
110 E. Schiller St., Ste. 306
Office Phone: 630-903-6397
Direct Line: 630-456-1596
Fax: 630.658.0336
Email: kevin@oconnor-oconnor.com