# IN THE UNITED STATES DISTRICT COURT
# FOR THE
# NORTHERN DISTRICT OF ILLINOIS

Maria Gatlin,

Plaintiff(s),

v.

Village of Summit, et al.,

Defendant(s).

Case No. 14 C 3808
Judge Matthew F. Kennelly

## JUDGMENT IN A CIVIL CASE

Judgment is hereby entered (check appropriate box):

☐ in favor of plaintiff(s)
and against defendant(s)
in the amount of $         ,

which ☐ includes       pre–judgment interest.
☐ does not include pre–judgment interest.

Post-judgment interest accrues on that amount at the rate provided by law from the date of this judgment.

Plaintiff(s) shall recover costs from defendant(s).

---

☐ in favor of defendant(s)
and against plaintiff(s)

Defendant(s) shall recover costs from plaintiff(s).

---

☒ other:

In favor of plaintiff Maria Gatlin on her first, second, and seventh claims (ADA failure to accommodate, ADA wrongful termination, and due process), in favor of defendant Village of Summit on plaintiff's third claim (ADA retaliation), and in favor of defendants Village of Summit and Les Peterson on plaintiff's fourth, fifth, and sixth claims (FMLA interference, FMLA retaliation, and equal protection). Plaintiff is awarded compensatory damages in the amount of $150,000, back pay in the amount of $79,846.51, and punitive damages against defendant Les Peterson in the amount of $25,000. In addition, declaratory and injunctive relief is awarded to plaintiff as follows:

1. This Court declares that Defendant Village of Summit violated Plaintiff's rights under the Americans with Disabilities Act, 42 U.S.C. sec. 12112, and the Illinois Human Rights Act, 775 ILCS 5/1-101 et seq., by failing to provide Plaintiff with a reasonable accommodation and by unlawfully terminating her employment.

2. This Court declares that Defendant Village of Summit and Defendant Les Peterson unlawfully deprived Plaintiff Maria Gatlin of her employment without affording her due process of law, in violation of her constitutional rights under the Fourteenth Amendment of the United States Constitution, and Article I, section 2 of the Illinois State Constitution.

3. Defendants Village of Summit and Les Peterson will promptly take any and all actions necessary in order to completely and officially correct the records of all applicable governmental and quasi-governmental entities, including its own records, which indicate that Plaintiff's employment with Summit was terminated, that Plaintiff was terminated "for cause," that Plaintiff abandoned her position, or which indicate anything contrary to the findings of this Court.

4. Defendant Village of Summit and Les Peterson will promptly correct the records of all applicable governmental and quasi-governmental entities, including its own records, to indicate that Plaintiff Maria Gatlin retired from Defendant Village of Summit Police Department on August 18, 2013.

5. Defendants Village of Summit and Les Peterson will promptly take any and all actions necessary in order to completely and officially correct the records of the Summit Police Pension Fund and Summit Police Pension Board which indicate that Plaintiff's employment with Summit was terminated, that Plaintiff was terminated "for cause," that Plaintiff abandoned her position, or that indicate anything contrary to the findings of this Court.

6. Defendants Village of Summit and Les Peterson will promptly take any and all actions necessary in order to completely and officially correct the records of the Summit Police Pension Fund and Summit Police Pension Board to indicate that Plaintiff Maria Gatlin retired from Defendant Village of Summit Police Department on August 18, 2013.

7. To the extent necessary, Plaintiff will cooperate with Defendants so that Defendants can fully and promptly comply with this Order.

This action was *(check one)*:

☐ tried by a jury with Judge Matthew F. Kennelly presiding, and the jury has rendered a verdict.
☒ tried by Judge Matthew F. Kennelly without a jury and the above decision was reached.
☐ decided by Judge _____ on a motion

Date: 2/16/2017                    Thomas G. Bruton, Clerk of Court

                                   Pamela J. Geringer, Deputy Clerk